FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
*Aug 31, 2020*
Michelle Rynne, Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRUSTEES OF THE ROOFERS UNION LOCAL 221 TRUST FUNDS,  PENSION FUND, BY ITS TRUSTEES, SCOTT AI, TIM LYONS, STEVE ROBIDOUX, VAUGHN CHONG, ENRIQUE SUBIONO, AND NEPHI KAONOHI, ET AL.<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>LAULIMA ROOFING & WATERPROOFING LLC, A HAWAII LIMITED LIABILITY COMPANY; ET AL.<br><br>　　　　　　Defendants. | CIV. NO. 20-00094 LEK-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

Plaintiffs' Motion for Default Judgment Against Defendants Laulima Roofing &

Waterproofing LLC, a Hawaii Limited Liability Company; Robert Kaapana, individually,

and Dorothea Kaapana, Individually ("Motion") (ECF No. 13), filed on May 22, 2020,

came on for a telephonic hearing on July 9, 2020 at 9:30 a.m. before the Honorable Rom

A. Trader.  Attorney Jerry P.S. Chang appeared by phone on behalf of Plaintiffs.

Defendants Laulima Roofing & Waterproofing LLC, a Hawaii Limited Liability

Company ("Defendant"), Robert Kaapana ("Defendant Robert Kaapana"), and Dorothea

Kaapana ("Defendant Dorothea Kaapana) made no opposition, objection, appearance, or other communications in this case.

Having carefully considered the Motion, record in this case, and applicable law, the Court FINDS and RECOMMENDS that the Motion be GRANTED. The Court FINDS and RECOMMENDS that Plaintiffs be awarded a total of $48,341.08 in damages for: $37,617.72 in delinquent contributions, $10,297.61 in liquidated damages, and $425.75 in interest ($2.52 per diem). The Court also RECOMMENDS that Plaintiffs be awarded $11,817.80 in attorneys' fees, inclusive of G.E.T., and $945.80 costs for a total amount of $12,763.60.

## BACKGROUND

Plaintiffs filed a Complaint for Specific Performance, Assumpsit and Damages ("Complaint") on February 27, 2020. ECF No. 1. In the Complaint, Plaintiffs seek to recover unpaid trust fund contributions, liquidated damages, interest and attorneys' fees and costs. Plaintiffs alleged that Defendant is contractually obligated to pay the damages sought pursuant to a collective bargaining agreement, and Defendants Robert Kaapana and Dorthea Kaapana personally guaranteed the damages Plaintiffs seek.

On March 25, 2020, Plaintiffs filed Proofs of Service for each Defendant indicating that each was served the Complaint and summons on March 21, 2020. ECF Nos. 7-9. Defendant failed to answer or respond to the Complaint. On April 15, 2020, Plaintiff filed a Request for Entry of Default Against Defendants. ECF No. 11. On April 17, 2020, pursuant to Plaintiffs' request, the Clerk of Court entered default against the

Defendants.  ECF No. 12.  Thereafter, Plaintiff filed the instant Motion on May 22, 2020.

ECF No. 13.  Defendants failed to file any opposition or defend against default judgment.

DISCUSSION

Under Federal Rules of Civil Procedure (Fed. R. Civ. P.) 55(b)(2), the Court may

enter default judgment after the Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a).

The district court the discretion to grant or deny an application for default judgment.

Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).  Before

determining whether default judgment in this case is appropriate, the Court must first

determine whether it has jurisdiction.  See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999)

("To avoid entering a default judgment that can later be successfully attacked as void, a

court should determine whether it has the power, i.e., the jurisdiction, to enter the

judgment in the first place").

A.    Jurisdiction

The Court has subject matter jurisdiction over Plaintiffs' claims pursuant to the

Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income

Security Act of 1974, the Multiemployer Pension Plan Amendments Act of 1980, and 29

U.S.C. § 185(a), 1145, 1132(a) and (f).  As such, the Court shall proceed to determine

whether default judgment is appropriate based on the factors set forth in Eitel v. McCool,

782 F.2d 1470, 1472 (9th Cir. 1986).

B.    Eitel Factors

Default judgment may be entered in favor of the plaintiff if the defendant has

defaulted by failing to appear, and the plaintiff's claim is for a "sum certain or a sum that

3

can be made certain by computation." Fed. R. Civ. P. 55(b)(1)-(2).  However, "[e]ntry of

default does not entitle the non-defaulting party to a default judgment as a matter of

right."  In re Villegas, 132 B.R. 742, 746 (9th Cir. 1991) (citations omitted).  Default

judgments are ordinarily disfavored, and cases should be decided on their merits if

reasonably possible.  Eitel, 782 F.2d at 1472.

In considering a motion for default judgment, courts must consider the following

factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's
> substantive claim, (3) the sufficiency of the complaint, (4) the sum of money
> at stake in the action, (5) the possibility of a dispute concerning material
> facts, (6) whether the default was due to excusable neglect, and (7) the strong
> policy underlying the Federal Rules of Civil Procedure favoring decision on
> the merits.

Id. at 1471-72 (citation omitted).  On default, "the factual allegations of the complaint,

except those relating to the amount of damages, will be taken as true."  TeleVideo Sys.,

Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin.

Group, 559 F.2d 557, 560 (9th Cir. 1977)).  The Court shall evaluate each factor in turn.

### 1.    Possibility of Prejudice

When evaluating the possibility of prejudice, the Court considers whether

Plaintiffs would suffer prejudice if default judgment is not entered.  PepsiCo, Inc. v. Cal.

Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C. D. Cal. 2002).  Defendants failed to answer

Plaintiff's Complaint and thus, a decision on the merits is impractical, if not impossible.

Without an entry of default judgment, Plaintiff's would be without recourse for recovery.

Thus, the Court FINDS that this factor weighs in favor of default judgment.

### 2.    Merits of the claim

4

As noted earlier, the factual allegations in the Complaint, except facts related to the amount of damages, will be taken as true for purposes of liability. TeleVideo Sys., Inc., 826 F.2d at 917-18 (citation omitted). Plaintiffs brought this action against Defendants for unpaid contributions. On or about November 5, 2017, Defendants, through Defendant Robert Kaapana, entered into an Agreement ("Master Agreement"), effective November 5, 2017 through and including November 5, 2022. ECF No. 13-4. Defendants promised to pay to Plaintiffs certain amounts for employee benefits for work performed by Defendants' covered employees. Defendants employed workers covered by the Master Agreement and these employees completed work for Defendants when the Master Agreement was in effect. Defendants failed to timely submit monthly reports and payments for contributions and under the Master Agreement. Based on these allegations, the Court finds that Plaintiffs sufficiently alleged facts supporting its request for damages. The Court FINDS that this factor favors default judgment.

> 3. Sufficiency of the Complaint

The Court FINDS that the allegations in the Complaint are sufficiently pled and supported by the documents filed with the Motion. Accordingly, this factor weighs in favor of default judgment.

> 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). In this case, the damages are proportionate to the seriousness of Defendants' conduct. Plaintiffs seek a total of $48,341.08, plus interest at $2.52 per

diem:  $37,617.72 for unpaid contributions, $10,297.61 in liquidated damages, and

interest through February 24, 2020 in the amount of $425.75.  Plaintiffs' damages request

is tailored to Defendants' wrongful conduct of failing to abide by the terms of the Master

Agreement and appears to be a sum certain or for a sum which can by computation be

made certain.  Accordingly, the Court FINDS that this factor weighs in favor of default

judgment.

     5.    <u>Likelihood of a Dispute Concerning Material Facts</u>

Defendants were given notice and had sufficient time to answer the Complaint and

deny or respond to Plaintiffs' allegations.  However, Defendants failed to dispute the

allegations.  Because no dispute has been raised regarding Plaintiffs' material factual

allegations, the Court FINDS that this factor favors default judgment.

     6.    <u>Excusable Neglect</u>

Plaintiff properly served Defendants with the Complaint and Summons on March

21, 2020.  ECF Nos. 7-9.  However, Defendants did not respond.  Plaintiffs also served

Defendants with notice of this Motion on May 22, 2020.  ECF No. 13-8.  Despite

receiving notice of this lawsuit, the hearing on the Motion on July 9, 2020, and the threat

of default judgment, Defendants have not defended in this matter to date.  Nothing in the

record suggests that Defendants' default was the result of excusable neglect.  Rather, it

appears Defendants' default was due to their conscious and willful decision not to defend

this action.  Thus, the Court FINDS that this factor weighs in favor of default judgment.

7.    Policy Favoring Decisions on the Merits

Although there is a policy of favoring decisions on the merits, the factors

evaluated above strongly weigh in favor of granting default judgment.  The Court FINDS

that this factor weighs against default judgment, but does not preclude the finding that

default judgment against Defendants is appropriate.

8.    Totality of Eitel Factors

The Court FINDS that six (6) out of the seven (7) Eitel factors weigh in favor of

entering default judgment in Plaintiffs' favor.  Accordingly, the Court FINDS and

RECOMMENDS that the district court grant Plaintiffs' default judgment.

C.    Damages

Plaintiffs seek damages in the amount of $37,617.72 for delinquent contributions,

$10,297.61 in liquidated damages, and $425.75 for interest through May 13, 2020 ($2.52

per diem) for a total of $48,341.08 in damages plus additional per diem interest of $2.52

from May 13, 2020 until entry of judgment.  The Court must review the record and, if

necessary, make a further factual inquiry to establish the amount Plaintiffs are entitled to

recover.  TeleVideo System Inc., 826 F.2d at 917-918.

The Court shall address each category of requested relief below.

1.    Delinquent Contributions, Liquidated Damages, and Interest

Plaintiffs claim that Defendants owe delinquent contributions in the amount of

$37,617.72 for the period May 2019 through March 2020.  Plaintiff also seeks liquidated

damages in the amount of $10,297.61 for the months of March 2019 through March

2020, and interest in the amount of $425.75.  Plaintiffs submitted a summary of

contributions and explained its calculations of liquidated damages and interest in its

Complaint and Motion.  See ECF Nos. 1 & 13-5.  The Court FINDS that Plaintiffs have

established delinquent contributions in the amount of $37,617.72, liquidated damages in

the amount of $10,297.61, and interest in the amount of $425.75.

> 2.    Attorneys' Fees and Costs

An award of reasonable attorneys' fees and costs is mandatory in all successful

actions to recover delinquent contributions under 29 U.S.C. § 1132(g).  This Court found

that Plaintiffs should be awarded default judgment against Defendants.  As such,

Plaintiffs are the prevailing parties and as such, should be awarded their reasonable

attorneys' fees and costs.  However, the Court finds that reductions are appropriate as

several of the billing entries submitted by Plaintiffs are excessive.

Reasonable attorneys' fees are generally based on the traditional "lodestar"

calculation, which multiplies (1) the number of hours reasonably expended by (2) a

reasonable hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Fischer v. SJB-

P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  The lodestar amount may also be

adjusted based on an evaluation of the factors in Kerr, which have not been subsumed in

the lodestar calculation:

> (1) the time and labor required, (2) the novelty and difficulty of the questions
> involved, (3) the skill requisite to perform the legal service properly, (4) the
> preclusion of other employment by the attorney due to acceptance of the case,
> (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time
> limitations imposed by the client or the circumstances, (8) the amount
> involved and the results obtained, (9) the experience, reputation, and ability
> of the attorneys, (10) the 'undesirability' of the case, (11) the nature and
> length of the professional relationship with the client, and (12) awards in
> similar cases.

Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975) (citing Johnson v.

Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).  There is a strong

presumption that the lodestar amount calculated is reasonable.  See Pennsylvania v. Del.

Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); Fischer, 214 F.3d at

1119 n.4.

### a.   Reasonable Hourly Rate

The reasonable hourly rate is determined by assessing the prevailing market rate in

the relevant community for similar work performed by attorneys of comparable skill,

experience, and reputation.  Roberts v. City of Honolulu, 938 F.3d 1020, 1023 (9th Cir.

2019) (citing Kelly v. Wengler, 822 F.3d 1085, 1099 (9th Cir. 2016)); Webb v. Ada

County, 285 F.3d 829, 840 (9th Cir. 2002) (citing Chalmers v. City of Los Angeles, 796

F.2d 1205, 1210-11 (9th Cir. 1986)).  The relevant community is the forum in which the

district court sits.  Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 979 (9th Cir.

2008).  In this case, the relevant community is the District of Hawaii.  Plaintiff submits

the Declaration of Jerry P.S. Chang and a copy of Pacific Business News published on

May 29, 2009 in support of its requested hourly rate.  ECF Nos. 13-2 & 13-7.

### i.   Ashley K. Ikeda, Esq.'s Hourly Rate: $275.00

Plaintiffs seek an hourly rate of $275.00 an hour for work completed by Mr. Ikeda.

Mr. Ikeda is a shareholder with Weinberg, Roger & Rosenfeld ("WRR").  He has been

practicing law since 1981 and for a substantial amount of that time, he has represented

various Taft-Hartley Act/ERISA employee benefit trust funds, including collection of

employee benefit contributions and enforcement of collective bargaining agreements for construction industry employee benefit trust funds and plans.

ii.    Jerry P.S. Chang, Esq.'s Hourly Rate: $275.00

Plaintiffs request $275.00 an hour for work performed by Mr. Chang, who is an associate with WRR since March 2018.  Mr. Chang graduated from the University of Hawaii, William S. Richardson School of Law and obtained his license to practice in Hawaii in 1996.  At WRR, Mr. Chang has been representing and advising unions and Taft-Hartley Act/ERISA employee benefit trust funds in various aspects of labor and employment law.  Prior to WRR, from September 2016 to March 2018, Mr. Chang was counsel with Alston Hunt Floyd and Ing.  From August 1996 to June 2016, Mr. Chang was an associate with the Law Office of Clayton C. Ikei.

iii.    Aaron Nathan's Hourly Rate: $125.00

Plaintiffs seek $125.00 an hour for work performed by their senior paralegal Mr. Nathan.  Mr. Nathan earned a history degree from University of Haifa and San Francisco State University in 2002.   Mr. Nathan began as a paralegal for Hassard Bonnington LLP from 2002 to 2006, and from 2006 to 2014, he worked as a paralegal for Kasowitz, Benson, Torres & Friedman LLP in San Francisco.  He then joined WRR in 2014.

iv.    Muey Saeteum's Hourly Rate: $125.00

Plaintiffs also seek $125.00 an hour for work completed by Ms. Saeteum.  In May 2002, Ms. Saeteum graduated from the University of California, Berkeley, with a Bachelor of Arts in Sociology.  From 1997 through 2006, and again from 2014 to 2019 she worked at Burnham Brown in Oakland California.  While employed at Burnham

Brown, Ms. Saeteum held positions as a file clerk, junior database administrator,

paralegal, and calendar clerk.  From 2007 to 2013, Ms. Saeteum was a calendar/docket

clerk at O'Melveny in San Franciso, California.  From 2013-2014, she was employed by

Littler Mendelson in San Francisco, California.  She was administrative support to the

Human Resources/Benefits Department.  Ms. Saetum has been working as a paralegal at

WRR since April 2019.

v.       Summary of Requested Hourly Rates

The Court is well aware of the prevailing rates in the community for similar

services performed by attorneys and paralegals of comparable experience, skill, and

reputation.  Based on the Court's knowledge of the prevailing rates, the Court finds that

Plaintiffs' requested hourly rates are reasonable.  Below is a chart summarizing the

requested hourly rates:

| Attorney/Paralegal | Hourly Rate |
|---|---|
| Ashley K. Ikeda, Esq. | $275.00 |
| Jerry P.S. Chang, Esq. | $275.00 |
| Aaron Nathan | $125.00 |
| Muey Saeteum | $125.00 |

b.      Hours Reasonably Expended

The Court now turns to whether the fees requested are reasonably necessary to

achieve the results obtained.  Barranco v. 3D Sys. Corp., Civ. No. 13-00412 LEK-RLP,

2014 WL 12650678, at *1 (D. Haw. Sept. 3, 2014) (citing Tirona v. State Farm Mut.

Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993).  A prevailing party seeking

attorneys' fees bears the burden of documenting the appropriate hours expended in

litigation and must submit evidence in support of those hours worked.  Hensley, 461 U.S.

at 433; Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992).  Plaintiff requests a

total of $12,907.50 for 47.1 hours of work performed by its attorneys and paralegals:

| Attorney/Paralegal | Hourly Rate | Hours | Total Requested |
|---|---|---|---|
| Ashley K. Ikeda, Esq. | $275.00 | 29.6 | $8,140.00 |
| Jerry P.S. Chang, Esq. | $275.00 | 17.2 | $4,730.00 |
| Aaron Nathan | $125.00 | 0.2 | $25.00 |
| Muey Saeteum | $125.00 | 0.1 | $12.50 |
| | Total | 47.1 | $12,907.50[1] |

The Court must guard against awarding fees that are excessive, duplicative, or

unnecessary.  Barranco, 2014 WL 12650678, at *1 (citing Tirona, 821 F. Supp. at 637).

After careful review of the work performed in this case, the Court finds it appropriate to

reduce the total attorneys' fees by 6.06 hours as excessive and unreasonable.

### i.       Block-Billing Reductions

"The district court may reduce the amount of requested fees to reflect a party's

limited degree of success, to account for block billing, or to deduct hours deemed

excessive as long as it provides an adequate explanation for its fee calculation."  Cook

Productions, LLC v. Stewart, Civ. No. 17-00034 ACK-RLP, 2017 WL 4797513 at 6 (D.

Haw. Oct. 24, 2017) (citing Ryan v. Editions Ltd. West, Inc., 786 F.3d 754, 763 (9th Cir.

2015)).  Block-billing refers to "the time-keeping method by which each lawyer and legal

assistant enters the total daily time spent working on a case, rather than itemizing the time

---

[1] There is an error in Plaintiffs' calculation of total attorneys' fees.  The Court has
determined that the total amount of attorneys' fees requested is $12,907.50 for 47.1 hours
of work performed.

expended on specific tasks.  Robinson v. Plourde, 717 F. Supp. 2d 1092, 1100 (D. Haw. 2010).  "Block billing entries generally fail to specify a breakdown of the time spent on each task."  Id.   "District courts have the authority to reduce hours that are billed in block format because such a billing style makes it difficult for courts to ascertain how much time counsel expended on specified tasks.  Id. (citing Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007)).

There are multiple entries by Mr. Ikeda[2] and Mr. Chang[3] that are block-billed. Due to the block-billing, the Court cannot reasonably determine how much time was spent on each task and thus, cannot determine whether the amount of time expended is reasonable.  As such the Court shall impose a 20% reduction on all block-billed entries. See supra Part C.2.b.i. n. 2 & 3.

## ii.      Clerical Task Reductions

"[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate."  Nicholas M. ex rel. Laura M. v. Dep't of Educ., Hawaii, Civ. No. 09-00162 HG-LEK, 2010 WL 234862, at *5 (D. Haw. Jan. 21, 2010).  Preparing documents for filing and filing documents with the Court are clerical and noncompensable.  OneWest Bank, FSB, 2014 WL 1326590, at *1 n. 2, report and

---

[2] Mr. Ikeda's block-billed entries are on the following dates:  2/25/20 (1.5 hours), 2/26/20 (0.6), 2/27/20 (0.8), 3/10/20 (0.7), 3/12/20 (0.7), 3/23/20 (1.2), 3/24/20 (1.2), 3/30/20 (0.5), 4/2/20 (0.7), 4/7/20 (0.4), 4/8/20 (1.0), 4/9/20 (0.2), 4/15/20 (1.2) & (1.5), 4/17/20 (1.0), 4/21/20 (1.5), 4/23/20 (1.3), 4/24/20 (0.7), 4/27/20 (0.5), 5/1/20 (1.2), 5/8/20 (0.5), 5/12/20 (0.5), and 5/18/20 (1.3).  A 20% reduction is equivalent to subtracting 4.14 hours from these entries.
[3] Mr. Chang's block-billed entries are on the following dates:  4/6/20 (0.8), 4/8/20 (1.0), 4/17/20 (0.5), 5/12/20 (0.5), and 5/14/20 (3.3). A 20% reduction is equivalent to subtracting 1.22 hours from these entries.

recommendation adopted as modified, Civ. No. 12-00108 ACK, 2014 WL 1326602 (D.

Haw. Mar. 31, 2014) (citing Haw. Motorsports Inv., Inc. v. Clayton Group Servs., Inc.,

Civ. No. 09-00304 SOM-BMK, 2010 WL 4974867, at *5 (D. Haw. Dec. 1, 2010),

adopted by Haw. Motorsports Inv. Inc. v. Clayton Group Servs., Civ. No. 09-00304

SOM-BMK, 2010 WL 5395669 (D. Haw. Dec. 22, 2010)).

Work performed on a table of authorities are also considered ministerial and are

noncompensable.  OneWest Bank, FSB, 2014 WL 1326590, at *1 n. 2 (citing Yamada v.

Weaver, Civ. No. 10-00497 JMS-RLP, 2012 WL 6019121 (D. Haw. Nov. 30, 2020)).

Further, "coordinating service of documents; and formatting or printing documents;

reviewing court-generated notices; notifying clients of court hearings; communications

with court staff; scheduling; and corresponding regarding deadlines" are all examples of

clerical work.  Hawaii Def. Found. v. City & Cty. of Honolulu, Civ. No. 12-00469 JMS-

RLP, 2014 WL 2804445, at *8 (D. Haw. Apr. 22, 2014), report and recommendation

adopted as modified, Civ. No. 12-00469 JMS, 2014 WL 2804448 (D. Haw. June 19,

2014) (citing Ko Olina Dev., LLC v. Centex Homes, Civ. No. 09–00272 DAE–LEK,

2011 WL 1235548, at *12 (D. Haw. Mar. 29, 2011)).  The Court finds that the following

entries are clerical and reduces Plaintiff's requested attorneys' fees by 0.7 hours:

| Timekeeper | Date | Hours Billed | Hours Reduced | Description |
|---|---|---|---|---|
| Ashley K. Ikeda | 03/22/20 | 0.2 | 0.2 | Review of e-mail from process server re service of defendants and preparation of follow up e-mail to same re return of service delivery. |
| Jerry P.S. Chang | 04/08/20 | 0.1 | 0.1 | Email to Courtroom Mgr. to request 4/27/20 scheduling conference be continued in light of resolution discussions. |
|  | 04/13/20 | 0.1 | 0.1 | Follow up email to Courtroom manager on parties' request to continue scheduling conference, continued to June 2, 2020. |

| | | | | |
|---|---|---|---|---|
| **Aaron Nathan** | 03/25/20 | 0.2 | 0.2 | Review of applicable rules to determine due dates triggered by service of Complaint. |
| **Muey Saeteum** | 04/14/20 | 0.1 | 0.1 | Receive and review Court Notice regarding continuance of Scheduling Conference and update docket and calendar accordingly. |
| | **Total:** | 0.7 | 0.7 | |

### iii.    Total Lodestar Award

The Court shall now calculate the total reasonable attorneys' fees using the lodestar calculation by multiplying the number of hours reasonably expended by the reasonable hourly rate as illustrated below:

| Timekeeper | Rate | Hours | Hours Deducted | Final Hours | Total Amount |
|---|---|---|---|---|---|
| Ashley K. Ikeda, Esq. | $275.00 | 29.60 | 4.34 | 25.26 | $6,946.50 |
| Jerry P.S. Chang, Esq. | $275.00 | 17.20 | 1.42 | 15.78 | $4,339.50 |
| Aaron Nathan | $125.00 | 0.20 | 0.20 | 0.0 | $0.00 |
| Muey Saeteum | $125.00 | 0.10 | 0.10 | 0.0 | $0.00 |
| **Total Fees** | | 47.10 | 6.06 | 41.04 | $11,286.00 |

The Court finds that $11,286.00 is the total amount of reasonable attorneys' fees for 41.04 hours of work performed by Plaintiff's attorneys and paralegals.  Plaintiffs also seek Hawaii G.E.T. (4.712%).  The Court thus RECOMMENDS that Plaintiffs be awarded a total of $11,817.80 ($11,286.00 x 1.04712) in attorneys' fees and G.E.T.

### c.    Reasonable Costs

The Court next turns to Plaintiff's requested costs.  Plaintiff requests costs in the amount of $945.80 for postage, filing fees, service of process, and copying costs.  The Court agrees with Plaintiff and finds that these costs are permitted under 28 U.S.C.A. § 1920, Fed. R. Civ. P. 54(d)(1), and LR54.1.  As such, the Court RECOMMENDS that costs in the amount of $945.80 be awarded.

15

CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that

Plaintiffs' Motion for Default Judgment Against Defendants Laulima Roofing &

Waterproofing LLC, a Hawaii Limited Liability Company; Robert Kaapana, individually,

and Dorothea Kaapana, individually (ECF No. 13), filed on May 22, 2020, be

GRANTED as follows:

1.      Plaintiffs' request for default judgment against Defendants be GRANTED;

2.      Plaintiffs be awarded total damages in the amount of $61,104.68 for

        $37,617.72 in delinquent contributions, $10,297.61 in liquidated damages,

        $425.75 in interest, and $12,763.60 in attorneys' fees (inclusive of G.E.T.)

        and costs;

3.      Plaintiff be awarded additional per diem interest of $2.52 from May 13,

        2020 until entry of judgment in this case; and

4.      Defendants be held jointly and severally liable.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, August 31, 2020.



  /s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

_____

Civ. No. 20-00094 LEK-RT; *Trustees of the Roofers Union Local 221 Trust Funds, et al. v. Laulima Roofing & Waterproofing LLC, et al.*; Findings and Recommendation to Grant Plaintiffs' Motion for Default Judgment